IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MISSION PHARMACAL COMPANY, | NO. 5:12-cv-920-OLG |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| PURETEK CORPORATION, | |
| Defendant. | |

**DEFENDANT PURETEK CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Puretek Corporation ("PURETEK"), for its Answer to Mission Pharmacal Company's ("MPC") Complaint, admits, denies and alleges as follows:

**PARTIES**

1.   PURETEK is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1, and therefore denies them.

2.   PURETEK admits that it is a California corporation having its principal place of business at 1050 Arroyo Avenue, San Fernando, California 91340.  PURETEK denies the remainder of the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.    PURETEK admits that this action purports to arise under the patent laws of the United States of America, Title 35, United States Code. PURETEK denies the remainder of the allegations of Paragraph 3 of the Complaint.

4.    PURETEK denies that this Court has personal jurisdiction over PURETEK. PURETEK denies that it has committed and/or induced acts of patent infringement in this

District or elsewhere. PURETEK denies the remainder of the allegations of Paragraph 4 directed at PURETEK.

5. PURETEK denies that the venue is proper in this Court under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

**FACTS**

6. PURETEK admits that U.S. Patent No. 6,521,247 ("the '247 Patent") appears to have issued on February 18, 2003. PURETEK also admits that Exhibit A of MPC's Complaint appears to be a true and correct copy of the '247 Patent. PURETEK lacks sufficient information to either admit or deny the remaining allegations made in Paragraph 6 of the Complaint and, therefore, denies the allegations contained therein.

7. PURETEK admits that the '247 Patent includes claims generally directed to nutritional supplements and methods involving the nutritional supplements. PURETEK denies the remainder of allegations of Paragraph 7 of the Complaint.

8. PURETEK lacks information sufficient to form a belief as to truth of the allegations contained in Paragraph 8 of the Complaint, and, therefore, denies those allegations.

9. To the extent the allegations in Paragraph 9 relate to PURETEK, PURETEK admits that PURETEK manufactures PharmaPureRX PNV OB+DHA in California, and, sells and offers to sell PharmaPureRX PNV OB+DHA in Texas and elsewhere in the United States. PURETEK denies the remainder of the allegations directed at PURETEK in Paragraph 9 of the Complaint.

10. To the extent the allegations in Paragraph 10 relate to PURETEK, PURETEK denies the allegations in Paragraph 10 of the Complaint.

## COUNT I

## ALLEGED PATENT INFRINGEMENT

11. PURETEK denies the allegations in Paragraph 11 of the Complaint.

12. PURETEK lacks information sufficient to form a belief as to truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies those allegations.

## MPC'S PRAYER FOR RELIEF

13. PURETEK denies that MPC is entitled to any of the relief prayed for in its Prayer for Relief and denies that MPC is entitled to any relief whatsoever from PURETEK or this Court either as requested in MPC's Complaint or otherwise.

## AFFIRMATIVE DEFENSES

14. PURETEK asserts the following Affirmative Defenses in response to MPC's Complaint. PURETEK reserves the right to amend its responses and to add additional defenses as they become known throughout the course of this case and discovery.

## FIRST AFFIRMATIVE DEFENSE

## (NON-INFRINGEMENT)

15. PURETEK has not infringed and is not now infringing (either directly or indirectly) any claim of the '247 Patent. No valid claim of the '247 Patent literally or by equivalents covers or includes within its scope any products, services and/or related components ever manufactured, used, offered for sale or sold by PURETEK.

## SECOND AFFIRMATIVE DEFENSE

## (INVALIDITY)

16. The '247 Patent and all the claims thereof are invalid and/or unenforceable for failure to satisfy one or more requirements of the patent laws of the United States, 35 U.S.C. §§

1 et seq., including, but not limited to, 35 U.S.C. § 101, §102, §103, and/or §112.

17. The compositions and methods of the '247 Patent are similar if not identical to the compositions and methods which have been in use by other individuals and companies before the priority date of the '247 Patent. The '247 Patent is invalid based upon anticipation, obviousness and/or prior use.

## THIRD AFFIRMATIVE DEFENSE

### (LACHES/ESTOPPEL)

20. MPC's claims against PURETEK are barred by the doctrine of laches and/or equitable estoppel.

21. MPC unreasonably delayed in bringing this suit. MPC caused PURETEK to conclude that it did not intend to enforce its patent against PURETEK. PURETEK relied upon the conduct and/or silence of MPC and because of this reliance, PURETEK will be prejudiced if MPC's claim is allowed to proceed.

## FOURTH AFFIRMATIVE DEFENSE

### (PATENT MISUSE)

22. Upon information and belief, MPC has misused the '247 Patent by the maintenance of this action, in bad faith, when it knew or should have known that the '247 Patent was invalid or that it had no valid claims of patent infringement against PURETEK.

## FIFTH AFFIRMATIVE DEFENSE

### (LACK OF KNOWLEDGE)

23.     MPC's claims against PURETEK are barred and/or limited due to lack of knowledge of the existence of the '247 Patent. PURETEK did not engage in any knowing, intentional, willful, or wanton infringement of the '247 Patent.

## SIXTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATION, LIMITATION ON DAMAGES AND OTHER RELIEF)

24.     MPC is barred, in whole or in part, from obtaining the relief it seeks by reason of the conduct, actions, omissions and/or communications of MPC, and/or its predecessors-in-interest, and by operation of the applicable statutes which limit damages and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288, as well as any judicial doctrine limiting damages and/or other relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (EQUITABLE RELIEF BARRED)

25.     MPC's claims for injunctive relief and equitable remedies are barred in light of the fact that MPC has an adequate remedy at law and no basis for the grant of equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (FAILURE TO ADEQUATELY MARK)

27.     To the extent that MPC and/or any of its licensees under the '274 patent has an obligation to mark and has failed to do so, MPC's claims are barred, in whole or in part, under 35U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE TO ADEQUATELY INVESTIGATE INFRINGEMENT CLAIMS)

28. More specifically, upon information and belief, MPC failed to conduct a reasonable pre-suit investigation which would have revealed at least that PURETEK does not practice each and every element of the asserted claims.

### TENTH AFFIRMATIVE DEFENSE

29. MPC's claims against PURETEK are barred in whole or in part by the doctrines of waiver, acquiescence, estoppel, implied license, unclean hands and/or any other equitable remedy.

### ELEVENTH AFFIRMATIVE DEFENSE

30. To the extent MPC asserts PURETEK indirectly infringes, either by contributory infringement or inducement of infringement, PURETEK is not liable to MPC for the acts performed before PURETEK allegedly knew its actions would cause direct infringement.

### RESERVATION OF AFFIRMATIVE DEFENSES

31. PURETEK hereby reserves the right to supplement with additional affirmative defenses as discovery proceeds in this matter.

### COUNTERCLAIMS

Under Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff PURETEK Corporation ("PURETEK") hereby asserts the following counterclaims against Counter-Defendant Mission Pharmacal Company ("MPC"), and alleges as follows:

## PARTIES

1. PURETEK is a California corporation having a principal place of business at 1050 Arroyo Avenue, San Fernando, California 91340.

2. On information and belief, MPC is a Texas corporation with a place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

3. This is a counterclaim under Rule 13 of the Federal Rules of Civil Procedure.

4. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. PURETEK seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject-matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

5. An actual controversy exists between PURETEK and MPC as a result of MPC's assertions of rights under U.S. Patent No. 6,521,247 ("the '247 Patent").

6. In a complaint for patent infringement ("Complaint") filed before this Court on October 1, 2012, MPC alleged that PURETEK was infringing the '247 Patent. PURETEK does not infringe the '247 Patent and has denied MPC's allegations of infringement.

7. This Court has personal jurisdiction over MPC because MPC has availed itself of the forum by filing the Complaint in this Court, to which the present claim is being brought as a counterclaim. Furthermore, PURETEK is informed and believes that MPC's principal place of business is within this judicial district.

8. Venue is proper in this judicial district because this claim is brought as a counterclaim under Rule 13 of the Federal Rules of Civil Procedure.

## COUNTERCLAIM I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

9. PURETEK re-alleges and incorporates by reference the allegations in its affirmative defenses and in Paragraphs 1 through 8 of the counterclaims above as though fully set forth herein.

10. Based on MPC's filing of this suit and PURETEK's denial of infringement and affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether PURETEK has infringed either directly or indirectly (through inducement of infringement) the '247 Patent.

11. PURETEK has not directly infringed and is not directly infringing the '247 Patent, either literally or under the Doctrine of Equivalents. PURETEK has not induced or contributed to, and is not inducing, infringement of the '247 Patent, either literally or under the Doctrine of Equivalents.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PURETEK requests a declaration by the Court that it does not infringe any claim of the '247 Patent, either directly or by inducement.

## COUNTERCLAIM II

### (DECLARATORY JUDGMENT REGARDING INVALIDITY)

13. PURETEK re-alleges and incorporates by reference the allegations in its affirmative defenses and in Paragraphs 1 through 12 of the counterclaims above as though fully set forth herein.

14. Based on MPC's filing of this suit and PURETEK's denial of infringement and affirmative defenses, an actual controversy has arisen and now exists between the parties as to

the validity of the claims of the '247 Patent.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PURETEK requests a declaration by the Court that the claims of the '247 Patent are invalid.

## COUNTERCLAIM III

### (DECLARATORY JUDGMENT REGARDING UNENFORCEABILITY)

16. PURETEK re-alleges and incorporates by reference the allegations in Paragraphs 1 through 15 above as though fully set forth herein.

17. Based on MPC's filing of this suit and PURETEK's denial of infringement and affirmative defenses, an actual controversy has arisen and now exists between the parties as to enforceability of the claims of the '247 Patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PURETEK requests a declaration by the Court that the claims of the '247 Patent are unenforceable.

## DAMAGES

23. As a result of MPC's wrongful institution of this lawsuit with its wrongful assertion of claims of willful, intentional and deliberate infringement, PURETEK has been forced to retain attorneys, including the undersigned attorneys, to represent it in this action and is obligated to pay them a reasonable fee for services, thus causing damage to PURETEK.

## PRAYER FOR RELIEF

WHEREFORE, PURETEK respectfully requests a judgment against MPC, as follows:

    A. A declaration that PURETEK does not infringe the '247 Patent;

    B. A declaration that '247 Patent is invalid;

    C. A declaration that the '247 Patent is void and unenforceable;

    D. That MPC take nothing by its Complaint;

    E. That the Court enter a judgment against MPC and in favor of PURETEK and that the Complaint be dismissed with prejudice;

    F. That the Court award PURETEK its costs and attorney's fees incurred in this action; and

    G. Further relief as the court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PURETEK hereby demands a trial by jury as to all issues so triable.

December 7, 2012

Respectfully submitted,

By: /s/ Stephen F. Schlather
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com

OF COUNSEL:

Steve P. Hassid (*pro hac vice* pending)
Silicon Edge Law Group LLP
1115 ½ Yale Street
Santa Monica CA 90403
Telephone: (310) 922-2206
Facsimile: (310) 634-1711
steve@SiliconEdgeLaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

December 7, 2012                                        /s/ Stephen F. Schlather
                                                               Stephen F. Schlather