THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MISSION PHARMACAL COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:12-cv-920 |
| v. | § § § | |
| PURETEK CORPORATION, | § § | |
| Defendant. | § § § § § | |

### PLAINTIFF MISSION'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Mission Pharmacal Company ("Mission") moves for leave to amend its complaint for patent infringement against Puretek to include a claim for willfulness. Puretek recently disclosed that it was aware of the Mission patent for several years before this lawsuit, yet proceeded to manufacture and sell its infringing vitamin. Based upon this recently-disclosed, pre-suit knowledge of the patent, along with the subsequent reckless conduct, Mission now has sufficient information to allege willful infringement of its patent.

**Background**

Mission sued Puretek for infringement of its '247 patent for a dual-iron vitamin. *Complaint*, Doc. No. 1. Puretek answered and denied liability in December 2012. *Answer*, Doc. No. 10.

Mission requested information from Puretek about when it first became aware of the Mission patent in written discovery severed in January 2013.

Puretek responded in its initial and first supplemental responses to interrogatories that it was not aware of the Mission patent until the filing of this complaint. *Interrogatory Response*, Ex. A, No. 15; *Supplemental Interrogatory Response*, Ex. B, No. 15.

The Court deadline to amend pleadings passed on March 22, 2013—after Puretek twice denied that it has pre-suit knowledge of the Mission patent in its initial and supplemental responses to interrogatories. *Scheduling Order*, Doc. No. 16 (March 22, 2013 deadline to amend pleadings); *Interrogatory Response*, Ex. A, dated February 11, 2013; *Supplemental Interrogatory Response*, Ex. B, dated March 8, 2013.

After the deadline to amend pleadings, Puretek supplemented its interrogatory responses again and, for the first time, acknowledged that Puretek was aware of the Mission patent before this lawsuit. Specifically, Puretek stated that it became aware of the patent around May 2009—over 3 years before filing of this lawsuit. *Second Supplemental Interrogatory Response*, Ex. C, No. 15 (dated May 9, 2013).

Mission approached Puretek the following week about amending the complaint to add willfulness, but Puretek responded that it would oppose the amendment. *Email*, Ex. D.

Specifically, Mission seeks leave to file the amended complaint of Exhibit E that adds the following two paragraphs of allegations in support of its claim for willfulness:

> 11. On information and belief, Puretek knew about the '247 Patent as early as May 2009, yet has continued to manufacture, sell, and offer to sell, and continued to induce others to sell, offer to sell, and use, PharmaPureRX PNV OB+DHA despite an objectively high likelihood actions constituted infringement of a valid patent. Specifically, PharmaPureRX PNV OB+DHA lists the three ingredients of folic acid, carbonyl iron, and ferrous gluconate on their packaging label needed to infringe several claims of the '247 patent. Puretek has taken steps to market its product as an equivalent substitute for a Mission Pharmacal CitraNatal product that is marked with the '247 patent. Moreover, the '247 patent is presumed valid and was reconfirmed as valid after a reexamination proceeding in the patent office. Puretek therefore knew or should have known of the objectively high risk of infringement of a valid patent.

16. Upon information and belief, PureTek was aware of the '247 Patent and has infringed the '247 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent, thereby infringing willfully.

Fact discovery concludes on June 6, 2013 and this case is set for trial on October 7, 2013.

**<u>Argument</u>**

This Court should freely give leave to amend unless Puretek can show prejudice, bad faith, or undue delay.  Fed. R. Civ. P. 15(a)(2); *Forman v. Davis*, 371 U.S. 178, 182 (1962). Even after a scheduled-ordered deadline, this Court should freely give leave to amend when there is good cause.  Fed. R. Civ. P. 16(b)(3)(A), (b)(4); *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008).

The Court should grant leave for Mission to add allegations of willfulness to its infringement claim because Mission recently learned the facts necessary to allege willfulness. Specifically, Mission recently learned that Puretek had knowledge of the patent prior to this lawsuit.  To "willfully infringe a patent, the patent must exist, and one ***must have knowledge of it***." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)(emphasis added); *see also Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990)(reversing finding of willful infringement when infringer was not aware of the patents until the filing of the lawsuit).  For Mission to support a claim of willful infringement, Mission must show that Puretek not only knew about the patent, but also that Puretek "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)(en banc).

Puretek did not disclose that it had pre-suit knowledge of the Mission patent until after the March 22, 2013 deadline to amend pleadings, despite Mission's efforts to discover the information earlier.  Mission requested information of Puretek's first knowledge of the Mission patent through interrogatories served several months before the deadline to amend pleadings.

Puretek initially denied it knew about the patent before the filing of the lawsuit. *Interrogatory Response*, Ex. A, No. 15. Within days, Mission questioned Puretek's responses to the interrogatories, including its response on its pre-suit knowledge of the patent (Ex. F at point 8), but Puretek responded again that it did not know about the patent before this lawsuit. *Supplemental Interrogatory Response*, Ex. B, No. 15. Puretek finally disclosed that it knew several years earlier about the Mission patent, but not until in its May 9, 2013 supplemental response to interrogatories which was almost seven weeks after the March 22, 2013 deadline to amend pleadings. *Second Supplemental Interrogatory Response*, Ex. C, No. 15.

Mission seeks leave to add allegations of willfulness to the complaint in order to recover enhanced damages and attorney fees. This court may enhance damages for patent infringement up to three times actual damages. 35 U.S.C. §284. An award of enhanced damages, however, requires a showing of willful infringement. *Seagate*, 497 F.3d at 1368. A court may also award attorney fees in an exceptional case, which again is within the discretion of the court upon a finding of willful infringement. 35 U.S.C. §285; *Knorr-Bremse Sys. v. Dana Corp.*, 383 F.3d 1337, 1347 (Fed. Cir. 2004). By adding a claim for willfulness, Mission will be able to recover what it is entitled based upon recently learned information.

Puretek will not be prejudiced by the amended pleading adding willfulness. First, any delay in raising the willfulness claim is directly related to Puretek's delay in disclosing its pre-suit knowledge of the patent until after the deadline to amend pleading. Further, the added claim for willfulness will not affect the discovery deadline, the trial date, or any other deadlines in this case. Puretek will present its corporate witness to testify about its knowledge and activities related to the Mission patent at a deposition already scheduled within the discovery deadline.

Puretek presumably does not need to take any discovery on willfulness because all of the facts related to willfulness center around the actions of Puretek, not Mission or some other third party.

Mission moved diligently to amend its complaint to add willfulness once Puretek disclosed its pre-suit knowledge of the Mission patent. Because Puretek initially denied pre-suit knowledge, Mission could not have amended its complaint within the deadline set by the court.

## Conclusion

Mission request leave to file the amended complaint of Exhibit E to add a claim of willful infringement because Puretek recently disclosed the pre-suit knowledge of the Mission patent that is required to assert a claim of willful infringement.

Dated: May 29, 2013                                   Respectfully submitted,

                                                        */s/ Charles B. Walker, Jr.*
                                                        Charles B. Walker, Jr.
                                                        Texas Bar No. 00794808
                                                        cwalker@fulbright.com
                                                        Daniel A. Prati
                                                        Texas Bar No. 24070446
                                                        dprati@fulbright.com
                                                        FULBRIGHT & JAWORSKI L.L.P.
                                                        1301 McKinney, Suite 5100
                                                        Houston, Texas 77010
                                                        Telephone: (713) 651-5151
                                                        Fax: (713) 651-5246

                                                        **ATTORNEYS FOR PLAINTIFF MISSION PHARMACAL CO.**

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2013, I served the foregoing by email and mail on the following:

John J. Edmonds
Stephen F. Schlather
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC
1616 S. Voss Rd., Ste. 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com


Steve P. Hassid
SILICON EDGE LAW GROUP LLP
1115 ½ Yale Street
Santa Monica, CA  90403
Telephone: (310) 922-2206
Fax: (310) 634-1711
steve@siliconedgelaw.com

                                               /s/ Charles B. Walker. Jr.
                                               Charles B. Walker, Jr.